**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERARDO CRUZ-SANCHEZ, | No. 11-71333 |
| Petitioner, | Agency No. A77-081-520 |
| v. | |
| ERIC HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Resubmitted February 9, 2015[**]
Pasadena, California

Before: GILMAN,[***] GRABER, and CALLAHAN, Circuit Judges.

Petitioner Gerardo Cruz-Sanchez seeks review of an immigration

judge's (IJ's) 2004 order of removal based on the alleged ineffective assistance of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

counsel. The Board of Immigration Appeals (BIA) upheld the IJ's order in 2005 and again on remand in 2011.

We may review decisions of the BIA only insofar as appellants properly raised their claims before that board. *See Vargas v. INS*, 831 F.2d 906, 907-08 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter."). By the same token, claims raised before the BIA but not pursued before this court are also forfeited. *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1082-83 (9th Cir. 2011) (holding that the petitioner had forfeited his claim before this court by failing to raise the BIA's denial of that claim in his opening brief).

A petitioner seeking to prevail on an ineffective-assistance-of-counsel claim related to a removal proceeding must show that (a) his attorney failed to represent him competently, and (b) he had "plausible grounds for relief" that competent counsel could have raised. *Alcala v. Holder*, 563 F.3d 1009, 1020 (9th Cir. 2009) (internal quotation marks and emphasis omitted).

When this case was on remand to the BIA in 2011, Cruz-Sanchez argued to the BIA that he was prejudiced by the ineffective assistance of counsel in his hearing before the IJ in 2004 because he was deprived of the opportunity to demonstrate his eligibility for cancellation of removal under INA § 240A(a).

Cruz-Sanchez's attorney failed to appear for that hearing. The IJ proceeded with the hearing in the attorney's absence because Cruz-Sanchez had neither filed an application for relief nor submitted a brief on his theory of why the removal proceedings should be terminated. The IJ found that there was no legitimate justification for a further delay given the fact that Cruz-Sanchez had already been afforded numerous extensions.

But Cruz-Sanchez's ineffective-assistance argument based on § 240A(a) does not appear in Cruz-Sanchez's opening brief to this court. Instead, Cruz-Sanchez offers a different line of reasoning for the first time: he claims that if he had been represented by counsel, he would have sought an adjustment of status. This claim was never presented to the BIA.

Because the only argument regarding alleged prejudice in Cruz-Sanchez's opening brief was not raised below, we lack jurisdiction to consider that argument on review. *See Vargas*, 831 F.2d at 907-08. Similarly, we may not consider the sole argument presented to (and dismissed by) the BIA because Cruz-Sanchez failed to pursue it in his opening brief before this court. *See Castro-Martinez*, 674 F.3d at 1082-83.

**Petition DISMISSED.**